Filed 5/2/23  Man v. Franklin CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| KHOEUTH MAN, | B320726 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 22WHRO00272) |
| v. | |
| VALENTINA FRANKLIN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Faith F. Nuri, Judge Pro Tempore.  Affirmed.

Kenneth H. Lewis for Defendant and Appellant.

Law Office of Peacock & Le Beau and Jeffery O. Le Beau for Plaintiff and Respondent.

_____

Khoeuth Man (Man) obtained a civil harassment restraining order (Code Civ. Proc., § 527.6)[1] against Valentina Franklin (Franklin), who now appeals. She argues that (1) her actions did not constitute either unlawful violence or a credible threat of violence, and (2) her actions did not constitute a course of conduct that constitutes harassment.

We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 16, 2022, Man filed a request for civil harassment restraining order. The petition alleged that he and Franklin worked together; Josefina Santos (Santos) was his supervisor. According to the petition, Franklin harassed him, his wife, and Santos by calling him, texting him, impersonating him on social media, complaining about him at work, spreading rumors about him, and sending men to his home. Copies of the text messages were attached to the petition.

The trial court issued a temporary restraining order and then set the matter for a hearing.

At the March 10, 2022, hearing, the trial court confirmed with Man that "everything [he] put in [his] petition [was] accurate." It then reviewed the printout of the text messages that was attached to the petition with the parties.

Thereafter, Man and Franklin testified. Man attested that Franklin "text[ed him] unsolicited, call[ed him] unsolicited." He also stated that Franklin threatened to hurt him. He was afraid that Franklin was going to get him fired from his job.

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

2

Franklin testified that she sent unsolicited text messages to Man based upon her belief that there was an "inappropriate connection" between him and Santos. While she claimed that Man's relationship was not really her business, she also stated that one of the reasons she sent the text messages to Man was because she was in a relationship with Santos and was upset about his perceived relationship with Santos.

After considering all of the evidence and entertaining argument from Franklin, the trial court issued a two-year civil harassment restraining order against Franklin. It reasoned: "I have heard both parties. Based on the information provided, I find—based on trier of fact, I found [Man] to be credible. I have noticed that [Franklin] was evasive when I was asking her about the reasons for contacting and following up.

"I also, based on the testimony given, have observed that this issue has gone on for two years, and there are multiple complaints filed, but there is one thing that [Man] was consistent; that he didn't want any more contact and he didn't want [Franklin] to contact him in any form or shape or even communicate with his employer about things that were between her and Ms. Santos." Furthermore, there was no evidence that Man tried to contact or communicate with Franklin.

This timely appeal ensued.

## DISCUSSION

I. *Standard of review*

"We review issuance of a protective order for abuse of discretion, and the factual findings necessary to support the

protective order are reviewed for substantial evidence."[2] (*Parisi v. Mazzaferro* (2016) 5 Cal.App.5th 1219, 1226, overruled in part on other grounds in *Conservatorship of O.B.* (2020) 9 Cal.5th 989, 1010.) Substantial evidence is "evidence of ponderable legal significance, evidence that is reasonable, credible and of solid value." (*Minnegren v. Nozar* (2016) 4 Cal.App.5th 500, 507.) The testimony of one witness may constitute substantial evidence. (*In re Marriage of Mix* (1975) 14 Cal.3d 604, 614.)

"[W]hen reviewing a finding that a fact has been proved by clear and convincing evidence, the question before the appellate court is whether the record as a whole contains substantial evidence from which a reasonable fact finder could have found it highly probable that the fact was true." (*Conservatorship of O.B., supra,* 9 Cal.5th at pp. 995–996.)

"But whether the facts, when construed most favorably in [Man's] favor, are legally sufficient to constitute civil harassment under section 527.6, and whether the restraining order passes constitutional muster, are questions of law subject to de novo review." (*R.D. v. P.M.* (2011) 202 Cal.App.4th 181, 188.)

On appeal, we indulge implied findings. The doctrine of implied findings "'is a natural and logical corollary to three fundamental principles of appellate review: (1) a judgment is presumed correct; (2) all intendments and presumptions are indulged in favor of correctness; and (3) the appellant bears the burden of providing an adequate record affirmatively proving

---

[2] Some courts have held that we review the trial court's decision to grant a restraining order for substantial evidence. (*Schild v. Rubin* (1991) 232 Cal.App.3d 755, 762.) Our analysis is the same under either standard.

error.' [Citation.]" (*Acquire II, L*TD. *v. Colton Real Estate Group* (2013) 213 Cal.App.4th 959, 970.) The substantial evidence standard applies to both express and implied findings of fact. (*SFPP v. Burlington Northern & Santa Fe R*Y*. Co.* (2004) 121 Cal.App.4th 452, 462.)

II. *Relevant law*

As set forth in section 527.6, a person who has suffered harassment may seek a temporary restraining order. After a hearing, that person may obtain an order prohibiting harassment. (§ 527.6, subd. (a)(1).) "'Harassment' is unlawful violence, a credible threat of violence, *or* a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose." (§ 527.6, subd. (b)(3), italics added.)

Course of conduct harassment is defined in subdivision (b)(1) as: "[A] pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose, including following or stalking an individual, making harassing telephone calls to an individual, or sending harassing correspondence to an individual by any means, including, but not limited to, the use of public or private mails, interoffice mail, facsimile, or email." (§ 527.6, subd. (b)(1).) "The course of conduct must be that which would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the petitioner." (§ 527.6, subd. (b)(3).)

An order shall issue if a judge finds clear and convincing evidence that unlawful harassment exists. (§ 527.6, subd. (i).)

5

III. *Analysis*

Applying the foregoing legal principles, we conclude that the trial court did not err in issuing a restraining order against Franklin. "[T]he trial court's decision granting the . . . restraining order 'necessarily implies that the trial court found that [Franklin] knowingly and willfully engaged in a course of conduct that seriously alarmed, annoyed or harassed [Man], and that [Man] actually suffered substantial emotional distress.' [Citation.]" (*Cooper v. Bettinger* (2015) 242 Cal.App.4th 77, 92.) Those findings are supported by ample evidence. The trial court confirmed that Man's allegations in his petition were accurate, and the trial court found him credible. This evidence, coupled with Man's testimony, established that Franklin made unsolicited telephone calls and sent unwelcome text messages admonishing him not to have contact with Santos. She also opened a social media account impersonating Man. And, there was circumstantial evidence that Franklin sent people to Man's home, scaring his wife.

There was also evidence that the text messages served no legitimate purpose. As Franklin herself testified, she sent the text messages to Man because she believed that he and Santos shared an "inappropriate connection." But she also admitted that "[t]hat wasn't really [her] business."

Based upon all of this evidence, we find no fault in the trial court's implied determination that this course of conduct would "cause a reasonable person to suffer substantial emotional distress," as required under section 527.6, subdivision (b)(3), and that Man in fact suffered anxiety and fear.

Urging us to reverse, Franklin essentially reargues her interpretation of the evidence, characterizing it as "not

6

. . . creditable," insubstantial, and based upon "unprovable leaps of faith." Such an argument does not warrant reversal. "It is elementary that we will not engage in a reweighing of the evidence." (*Tusher v. Gabrielsen* (1998) 68 Cal.App.4th 131, 143.)

In light of the foregoing, we need not address Franklin's alternative arguments, namely that her conduct did not constitute either unlawful violence or a credible threat of violence. (*Eddie E. v. Superior Court* (2015) 234 Cal.App.4th 319, 327 [the use of the word "or" in a statute is disjunctive and indicates the Legislature's intention to designate separate categories].)

## DISPOSITION

The order is affirmed. Man is entitled to costs on appeal.
NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
ASHMANN-GERST


We concur:


_____, P. J.
LUI


_____, J.
CHAVEZ